McKAY
vs.
MERRIFIELD.

BALLINGER for plaintiff; BELL and FOX for defendant.

---

ORD. PET.

Case 29.

## McKay vs. Merrifield.

*APPEAL FROM NELSON CIRCUIT.*

1. A devise of a slave in fee, to take effect on the death of the donor, with a limitation over in case of the death of donee without issue, (which means issue at the death of the first taker,) is valid as an executory devise, otherwise, if the conveyance be by deed. The limitation over does not, however, have the effect to reduce the estate of the first taker to a life estate, but it continues to be a fee subject to be defeated by the failure of issue.

2. If the owner in fee, upon condition, of a slave, sell the slave and the condition become absolute, a clear title passes to the purchaser.

January 17.

Judge SIMPSON delivered the opinion of the court.

Case stated.

Richard McKay executed a deed of gift to his son Richard, for a female slave, in the following language : "I give to my beloved son, Richard McKay, and his heirs forever, lawfully begotten of his body, a certain negro, Mildred, and her increase, now in my possession, which slave is to be mine during my life, and after my decease to belong to my beloved son and his heirs forever; but in case said son Richard should die without issue, then slave Mildred and increase to descend to my heirs, &c."

McKay
vs.
Merrifield.

Richard, the donee, after the death of the donor, sold one of the children of Mildred to the defendant, and having died, his children then brought this action against the purchaser for the slave. Upon the trial the court instructed the jury to find for the defendant, and the plaintiffs have appealed.

On behalf of the plaintiffs, it is contended that the donee only took a life estate under the deed of gift, with remainder to his issue, and as the life estate has terminated, the issue are entitled to the slaves.

The question in this case is not whether the gift over, after the death without issue, is valid, but whether the issue themselves acquired any interest under the deed, or take, if at all, by descent and not by purchase.

The terms used in the instrument, whether the writing be regarded as a deed or a will, would at common law have vested in the donee an estate tail, which estate is by our statute converted into a fee simple. This estate would be absolute if the writing by which the gift is made is to be regarded as a deed, because an estate in fee simple, or other less estate could not at its date have been limited, after a fee simple, by a deed. But regarding it as a testamentary disposition, in which character it ought probably to be viewed, inasmuch as it was not to take effect until after the death of the donor, and then made provision for a child, the limitation over, in the event that the donee in fee simple, should die without issue, which is now construed to mean issue living at his death, would be valid as an executory devise. This limitation over, however, does not have the effect to reduce the estate of the first taker to a life estate, but it continues to be a fee simple, subject only to be defeated by the failure of issue.

As in this case, the contingency which was to operate as a defeasance of the first estate did not happen, that estate became absolute, and as the person having the fee simple estate made a sale in his lifetime of the slaves sued for, the purchaser obtained a good

1. A devise of a slave in fee, to take effect on the death of the donor, with a limitation over in case of the death of donee without issue, (which means issue at the death of the first taker,) is valid as an executory devise; otherwise if the conveyance be by deed. The limitation over does not, however, have the effect to reduce the estate of the first taker to a life estate, but it continues to be a fee subject to be defeated by the failure of issue.

2. If the owner in fee, upon condition, of a slave, sell the slave and the condition become absolute, a clear title passes to the purchaser.

title to the property. The plaintiffs acquired no right under the deed of gift, although, had their ancestor made no disposition of the property during his lifetime, they would have taken it after his death, by representation.

Wherefore, the judgment is affirmed.

LINTHICUM for appellants; RAILEY, MUIR, and C. A. WICLLIFFE for appellee.